046855/20171/RCH/ELA/JFM/SJD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ERNEST LANEY, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, Individually and as actual or apparent agent of UBER TECHNOLOGIES, INC. and/or LYFT, INC.; UBER TECHNOLOGIES, INC., a Delaware Corporation; and LYFT, INC., a Delaware Corporation, also d/b/a LYFT ILLINOIS, INC., <br><br> Defendants. | Case Number 20-cv-02811 |

## NOTICE OF REMOVAL

NOW COMES the Defendant, LYFT, INC., by and through its attorneys, Michael P. Moothart, Richard C. Huettel, Erik L. Andersen, and James F. Maruna, of CASSIDAY SCHADE LLP, and for its Notice of Removal, pursuant to 28 U.S.C. § 1446, states as follows:

**Background and State Court Procedural Posture**

1. Plaintiff, ERNEST LANEY, filed his initial complaint in the Circuit Court of Cook County on August 22, 2019. *See* Cook County Docket Sheet, attached as ***Exhibit A***. The Complaint named Defendant, UBER TECHNOLOGIES, INC. ("Uber") and JOHN DOE, as defendants. (Ex.A). Plaintiff served Defendant Uber on or before November 19, 2019. *See* (Ex.A) (Filing Date of Uber's Appearance in Cook County Circuit Court). Plaintiff never served Defendant John Doe. (Ex.A).

2. On March 13, 2020, Plaintiff filed his Second Amended Complaint adding LYFT, INC. d/b/a Lyft Illinois, Inc. ("Lyft") as a named Defendant. *See* Second Amended Complaint, attached as ***Exhibit B***. Plaintiff's Second Amended Complaint raises counts against three

defendants: (1) Uber; (2) Lyft; and (3) John Doe. (Ex.B). Plaintiff alleges negligence against all three defendants stemming from an alleged accident that occurred on September 27, 2018 between the Plaintiff, a bicyclist, and an automobile passenger's open rear door. (Ex.B at Counts I-III, ¶¶ 2-10). Per the Second Amended Complaint, the alleged accident occurred at 745 N. Damen Street in the City of Chicago, which is located in the County of Cook, State of Illinois. *See* (Ex.B at Counts I-III, ¶ 2). As a result of the alleged accident, Plaintiff claims that he sustained injuries of a "severe and permanent nature, and damages, including but not limited to, disfigurement, pain and suffering, loss of a normal life, medical expenses, and loss of income." (Ex.B at Count 1, ¶ 11; Counts II-III, ¶ 18).

   3. Plaintiff served Defendant Lyft with the Second Amended Complaint on April 9, 2020. *See* Service of Process, attached as ***Exhibit C***.

   4. Plaintiff has not served Defendant John Doe.

**I.**  **This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

   5. Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged.

   6. First, there is complete diversity of parties. Plaintiff is a citizen of the State of Illinois. *See* Illinois Traffic Crash Report, attached as ***Exhibit D*** (listing Plaintiff's address in the City of Chicago at the time of the accident). Based on Defendant's research, as of the date of the filing of the instant Notice of Removal, Plaintiff continues living in the City of Chicago at a different address than is listed in the Police Report.

   7. Defendant Uber is a citizen of Delaware and California. Uber is a corporation organized under the laws of the State of Delaware. *See* (Ex.B at Count II, ¶ 12) ("Defendant, UBER...was a corporation incorporated in the state of Delaware....") Uber's principal place of


business is San Francisco, California. *See* Illinois Secretary of State Corporation File Detail Report for Uber Technologies, Inc., attached as ***Exhibit E***.

8. Defendant Lyft is also a citizen of Delaware and California. Lyft is a corporation organized under the laws of the State of Delaware. *See* (Ex.B at Count III, ¶ 12) ("Defendant, LYFT...was a corporation incorporated in the state of Delaware...."). Lyft's principal place of business is San Francisco, California. *See* Illinois Secretary of State Corporation File Detail Report for Lyft, Inc., attached as ***Exhibit F***.

9. Defendant John Doe is not identified in Plaintiff's Second Amended Complaint. (Ex.B). Nor has Plaintiff served Defendant John Doe with process.

10. Second, this matter contains more than $75,000 in controversy. In his Second Amended Complaint, Plaintiff alleges that as a direct and proximate result of the alleged accident, he sustained injuries of a "severe and permanent nature, and damages including but not limited to, disfigurement, pain and suffering, loss of a normal life, medical expenses and loss of income." and Plaintiff states that he seeks recovery in *excess* of $50,000. *See* (Ex.B at Count I, ¶ 11; Counts II-III, ¶ 18). Because Illinois does not require a party to plead a maximum amount of damages in a state law negligence case, the Plaintiff claimed only that his damages *exceed* $50,000 in his underlying State Court Complaint rather than pleading a maximum value. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). Plaintiff seeks damages in excess of $50,000 in each count, thus he seeks at least $150,000 in damages. Moreover, the nature of Plaintiff's alleged injuries, and the value of his claimed economic and non-economic damages clearly place more than $75,000 in controversy in this matter. *See* 28 U.S.C. § 1446(c)(2)(B). Specifically, Plaintiff claims that the accident injured his lower leg causing medical expenses, and permanent disfigurement. *See* (Ex.B at Count I, ¶ 11; Counts II-III, ¶ 18). Additionally, Plaintiff claims lost income from his

job, which, upon information and belief, is as a practicing medical doctor - a neuroradiologist. *Id.* The amount of damages that Plaintiff alleges in his Second Amended Complaint places more than $75,000 in controversy.

11. Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy. 28 U.S.C. § 1332.

12. Next, venue is proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's Second Amended Complaint alleges that his injuries stem from a bicyclist and motor vehicle collision that occurred in Cook County, Illinois. (Ex.B at Counts I-III, ¶¶ 2-11). Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois. Cook County, Illinois is located in the Northern District of Illinois, Eastern Division. Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

**II.    Lyft Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446**

13. Lyft timely filed its Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

14. Plaintiff did not name Lyft as a defendant in this matter until March 13, 2020, and did not serve Lyft until April 9, 2020. (Ex.A); (Ex.B). Accordingly, Lyft has thirty (30) days from April 9, 2020, to file its notice of removal, or more particularly, Lyft has until May 9, 2020

to file its notice of removal. Lyft satisfied the requirement for timely filing Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(B).

15. However, Lyft is not this action's only defendant. Plaintiff issued summons against Uber on August 27, 2019 and served Defendant Uber prior to November 19, 2019. *See* (Ex.A) (the filing date of Uber's appearance in State Court). Uber did not elect removal to Federal Court at that time. Therefore, Uber's deadline to remove to Federal Court expired in December 2019. (Ex.A); 28 U.S.C. § 1446(b). However, 28 U.S.C § 1446(b)(2)(C) provides that if defendants are served at different times in the lawsuit, and a later-served defendant files a notice of removal, any earlier-served defendant "may consent to the removal even though that earlier served-defendant did not previously initiate or consent to removal." Thus, when Plaintiff perfected service over Lyft on April 9, 2020, Uber's removal window re-opened for a period of time contemporaneous with Lyft's removal window. Therefore, because Lyft's removal is timely filed, Uber's removal is also timely. (Ex.A); (Ex.B); 28 U.S.C. § 1446(b)(2)(C).

16. Furthermore, 42 U.S.C. § 1446(b)(2)(A) provides that all properly served and joined defendants must consent to removal. Therefore, in order to remove this matter to Federal Court, Lyft must secure Uber's written consent to remove this matter to Federal Court. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("...all served defendants still have to support the petition in writing, i.e., sign it.")

17. Uber provided its written consent of removal by signing this Notice of Removal.

18. Because the third named Defendant, John Doe, is neither identified nor served, he or she need not consent to removal prior to Lyft filing the instant Notice of Removal. *Green Tree Servicing, LLC v. Williams,* No. 14-CV-888, 2014 U.S. Dist. LEXIS 85306, * 8-9, 2014 WL 2865905 (N.D. Ill. June 24, 2014).

5

19. Therefore, Lyft has satisfied all requirements for removing this action to Federal Court. 28 U.S.C. § 1446(b)(2)(A)-(C).

20. Because this lawsuit meets the requirements for diversity jurisdiction, and Lyft timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal Court. Therefore, Lyft requests this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division

WHEREFORE, Defendant, LYFT, INC., respectfully requests that this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

LYFT, INC.

By: /s/ James F. Maruna
Michael P. Moothart / ARDC No. 6299545
Richard C. Huettel / ARDC No. 6190664
Erik A. Andersen / ARDC No. 6255553
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE, LLP
222 W. Adams Street, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mmoothart@cassiday.com
rhuettel@cassiday.com
eandersen@cassiday.com
jmaruna@cassiday.com

*Counsel for Defendant, Lyft, Inc.*

UBER TECHNOLOGIES, INC.

By: /s/ Bret D. Franco
Bret D. Franco / ARDC No. 6294245
WILSON ELSER MOSKOWITZ
55 W. Monroe, Suite 3800
Chicago, IL 60603
(312) 704-0550

bret.franco@wilson.elser.com

*Counsel for the Defendant, Uber Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2020, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. A copy of this Notice was sent to the following attorneys via United States Mail and electronic mail message:

Plaintiff Ernest Laney IV's Counsel:

Gregory J. Olmstead
THE DERATANY FIRM
221 N. LaSalle Street, Suite 2200
Chicago, IL 60601
(312) 857-7285
olmstead@lawinjury.com

Defendant Uber Technologies, Inc.'s Counsel:

Bret Franco
WILSON ELSER MOSKOWITZ
55 W. Monroe, Suite 3800
Chicago, IL 60603
(312) 704-0550
bret.franco@wilson.elser.com

/s/ James F. Maruna

9482475